**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **DERICK NORRIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:16-CV-214 (MTT)** |
| ) | |
| **JESSICA O'CONNOR and** ) | |
| **THE WHALEN LAW FIRM,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

Defendants Jessica O'Connor and The Whalen Law Firm move for dismissal of

Plaintiff Derick Norris's claims.  Doc. 6.  The motion is **GRANTED** and the claims are

**DISMISSED**.

## I. BACKGROUND

On June 9, 2016, Norris filed this pro se action against the Defendants.  Doc. 1.

The Defendants now move for dismissal pursuant to Rules 12(b)(6) and 41(b) of the

Federal Rules of Civil Procedure.[1]  Doc. 6.  Norris's claims relate to his dismissal from

his job with the City of Flovilla, Georgia (the City) on June 10, 2014.  *See* Doc. 9 at 1;

*Norris v. Flovilla*, No. 5:14-cv-441 (MTT) (M.D. Ga.), Doc. 29-2 ¶¶ 1-2, 38.  This is the

second action Norris has brought related to his termination.[2]  *See Norris*, No. 5:14-cv-

---

[1] Norris filed a "Motion to Dismiss Defendant's [sic] Complaint" in which he asks the Court to "grant this motion, dismiss Defendants' Complaint in its entirety, with prejudice, and award such further relief as is just and necessary."  Doc. 9 at 1.  The Defendants did not bring a claim in this case.  Therefore, construing the motion liberally, as the Court is required for pro se pleadings, the Court treats this motion as a response to the Defendants' Motion to Dismiss.

[2] The Court may take judicial notice of prior judgments and court documents on a motion to dismiss. *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) ("The district court properly took judicial notice of the documents in Horne's first case, which were public records that were 'not subject to reasonable

441.  Prior to firing Norris, the City hired O'Connor, then associated with Whalen, to investigate issues with employees, including complaints against Norris.  *Id.*, Doc. 21-1 ¶ 23.  O'Connor presented a report to the City that recommended firing Norris.  *Id.*, Doc. 21-6 at 53-75.  The City's Mayor Scott Chewning relied on this report to fire Norris and the City Council relied on it in affirming the dismissal.  *Id.*, Docs. 6-3 at 1-2; 21-1 ¶ 35-38; 29-2 ¶ 35-38.  Norris then filed his first action against the City alleging claims of retaliation and discrimination.  *Id.*, Doc. 6.

Now, Norris alleges the Defendants discriminated against him on the basis of race and thus violated Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Doc. 1 at 2.  Norris also asserts claims of "malicious interference with contractual relations" and "interference with business or employment relations" under Georgia law. *Id.*  Pursuant to Fed. R. Civ. P. 12(b)(6), the Defendants move to dismiss the Title VII claim for failure to exhaust administrative remedies.  Doc. 6-1 at 9-10.  Additionally, the Defendants move to dismiss that claim, as well as the § 1981 and state law claims, for failure to state a claim.[3]  *Id.* at 10-16.

## II. TITLE VII CLAIM

The Defendants move for dismissal of Norris's Title VII claim for failure to exhaust his administrative remedies.  Before bringing a Title VII claim, a plaintiff must file a complaint against the defendant with the Equal Employment Opportunity

---

dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'" (quoting Fed. R. Evid. 201(b))); *see also Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53-54 (11th Cir. 2006).

[3] The Defendants also move to dismiss Norris's claims for failure to comply with the Court's order pursuant to Fed. R. Civ. Pro. 41(b).  The Defendants argue the complaint should be dismissed because Norris failed to pay the filing fee within 30 days of the denial of his IFP motion.  Doc. 6-1 at 7-8.  Norris was ordered to pay the filing fee by August 29, 2016 but did not pay it until September 9, 2016.  *Id.* Because the Court grants the Defendants' motion on other grounds, the Court need not address these grounds for dismissal.

Commission (EEOC).  42 U.S.C. § 2000e-5(e).  A plaintiff must file a charge of

discrimination with the EEOC within 180 days of the discriminatory act.  *See H&R Block*

*Eastern Enters., Inc. v. Morris*, 606 F.3d 1285, 1295 (11th Cir. 2010); *McBrayer v. City*

*of Marietta*, 967 F.2d 546, 547 (11th Cir. 1992) (citing 29 U.S.C. § 626(d)(1)).  Norris

alleges that he filed a complaint with the EEOC "on or about August 5, 2014" and

received a right-to-sue letter on September 21, 2014, but Norris does not attach these

documents to his complaint.  Doc. 1 at 3.  Norris did attach an EEOC charge to his

previous compliant related to his firing.[4]  In that complaint, Norris attached an EEOC

charge dated September 5, 2014, but that complaint was against the City and does not

identify the Defendants.[5]  *Norris*, 5:14-cv-441, Doc. 6-1 at 1-4.  Accordingly, Norris has

not sufficiently alleged that he exhausted his administrative remedies and thus his Title

VII claims must be dismissed.[6]

---

[4] As stated, at the motion to dismiss stage, courts can take judicial notice of prior judgments and court documents.  *Horne*, 392 F. App'x at 802; *Universal Express,* 177 F. App'x at 53-54.  Additionally, when a party moves to dismiss for failure to exhaust administrative remedies, courts can consider facts outside the pleadings to "resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008) (citations omitted); *see also Tillery v. U.S. Dept. of Homeland Secur.*, 402 Fed. Appx. 421, 424-25 (11th Cir. 2010).  Here, the exhaustion issue does not decide the merits and Norris had an opportunity to develop a record—he could have filed his EEOC charge along with his complaint or in response to this motion.  Moreover, Norris had the opportunity to develop a full and complete record in his prior case involving his EEOC complaint and his termination, in which he was represented by counsel.  *See Norris*, 5:14-cv-441.

[5] Without evidence of another EEOC charge, the Court assumes Norris's reference to the August 5, 2014 EEOC charge in his complaint actually refers to his September 5, 2014 EEOC charge.  Regardless, even if Norris did file an EEOC charge as to the Defendants on August 5, 2014, he did not file his complaint within 90 days of receipt of his right-to-sue letter on September 21, 2014 but instead filed on June 9, 2016—more than 20 months after receipt.  Doc. 1.  Therefore, his claim is barred by the statute of limitations.  42 U.S.C. § 2000e-5(f)(1); *see, e.g.*, *Mack v. Delta Air Lines, Inc.*, 639 F. App'x 582, 584 (11th Cir. 2016); *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233-34 (11th Cir. 2002).

[6] The Court also notes that, in addition to failing to exhaust his administrative remedies, Norris does not state a claim to relief under Title VII.  Norris does not contend the Defendants employ more than fifteen people and thus has not alleged they are employers for purposes of Title VII.  42 U.S.C. § 2000e(b) ("The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . ."); *Reeves v. DSI Sec. Servs.*, 331 F. App'x 659, 662-

### III. § 1981 CLAIM

The Defendants move to dismiss Norris's § 1981 claim for failure to state a claim. The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.,* 466 F.3d 1255, 1261 (11th Cir. 2006) (quotation marks and citation omitted). Courts "need not accept as true, however, conclusory legal allegations made in the complaint." *Andrx Pharm., Inc. v. Elan Corp., PLC,* 421 F.3d 1227, 1230 n.1 (11th Cir. 2005). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (quotation marks and citation

---

63 (11th Cir. 2009) ("We treat the question of whether a defendant meets the statutory definition of 'employer' as a threshold jurisdictional matter under Title VII."); *Virgo v. Riviera Beach Assoc., Ltd.*, 30 F.3d 1350, 1359 (11th Cir. 1994). Additionally, Norris cannot state a claim against O'Connor, individually, because "[t]he relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." *Hinson v. Clinch Cnty. Bd. of Educ.*, 231 F.3d 821, 827 (quoting *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991)).

omitted).  Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts.  *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993).  Construing the allegations in his complaint liberally, as required with a pro se complaint, Norris fails to "state a claim to relief that is plausible on its face."  *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quotation marks and citation omitted) (noting pro se complaints are held to a less stringent standard).

Norris alleges the Defendants "discriminate[d] against [him] because of [his] race" in violation of § 1981.  Doc. 1 ¶¶ 6, 9.  "[Section] 1981 . . . protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race."  *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474-75 (2006) (quoting § 1981(a)).  "[M]ake and enforce contracts" is defined as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  42 U.S.C. § 1981(b).  To state a claim for relief under § 1981, a plaintiff must allege:  "(1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute."  *Kinnon v. Arcoub, Gopman & Assocs., Inc.,* 490 F.3d 886, 891 (11th Cir. 2007) (quotation marks omitted) (quoting *Jackson v. BellSouth Telecomms.,* 372 F.3d 1250, 1270 (11th Cir. 2004)); *see also Lopez v. Target Corp.*, 676 F.3d 1230, 1233 (11th Cir. 2012).  Therefore, it is not enough for a plaintiff to allege discrimination but he "must identify an impaired contractual relationship . . . under which the plaintiff has rights."  *Kinnon*, 490 F.3d at 890 (quotation marks omitted) (quoting

*Domino's Pizza,* 546 U.S. at 476).  As stated, Norris alleges the Defendants intentionally discriminated against him based on his race, but provides no facts to support those allegations.  Doc. 1 ¶ 9.  Moreover, Norris does not allege any contractual relationship impaired by the Defendant's alleged discrimination.  Accordingly, Norris does not state a claim for relief under § 1981.

### IV. <u>CONCLUSION</u>

Based on the foregoing, the Defendants' motion is **GRANTED**.  Norris's Title VII claim is **DISMISSED without prejudice** for failure to exhaust administrative remedies.[7] Additionally, Norris's § 1981 claim is **DISMISSED without prejudice** for failure to state a claim.  The only remaining claims are state law claims.  Because the Court has dismissed all claims over which it has original jurisdiction, the Court **declines to exercise supplemental jurisdiction** over Norris's state law claims for "malicious interference with contractual relations" and "interference with business or employment relations." Doc. 1 ¶ 6; *see* 28 U.S.C. § 1367(c)(3).  Accordingly, those claims are **DISMISSED without prejudice**.

SO ORDERED, this the 8th day of March, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[7] The Court notes that the dismissal is effectively with prejudice because Norris cannot now exhaust his administrative remedies—more than 180 days have passed since the alleged discriminatory act.  Indeed, as discussed above, accepting Norris's allegations as true, his claim is already barred by the statute of limitation.  Clearly, amendment would be futile and thus the Court need not give Norris an opportunity to amend.  *Cf. Bryant v. Dupree*, 252 F.3d 1161, 1163-65 (11th Cir. 2001) (concluding the district court should have given the plaintiffs an opportunity to amend where, if given the chance, they could have met the PSLRA's pleading requirements).